O

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | | |
|---|---|---|
| **ATLANTIC RECORDING CORP.,** *et. al.*, | § § | |
| **Plaintiffs,** | § § | |
| v. | § § | Civil Action No. 5:06-cv-179 |
| **GRACIELA LOPEZ,** | § § | |
| **Defendant.** | § § § | |

## OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Default Judgment. [Dkt. No. 30]. Upon due consideration of the filings and the governing law, the Court GRANTS Plaintiffs' Motion.

Plaintiffs own the copyrights to audio recordings they allege Defendant illegally downloaded using the internet. Thus, Plaintiffs brought this infringement suit on December 12, 2006. [Dkt. No. 1]. Defendant has not filed an answer with the Court, or any other filing suggesting an interest in defending this suit. As such, on March 8, 2007, Plaintiffs filed their Motion for Entry of Default, [Dkt. No. 6], and Motion for Default Judgment, [Dkt. No. 7]. Because Defendant has not responded to Plaintiffs' Motion within the time allotted for her to do so under Local Rules 7.3 and 7.4, Plaintiffs' Motion is considered unopposed.

Federal Rule of Civil Procedure 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . the clerk shall enter the party's default." Default has been entered by the Clerk of the Court against Defendant. [Dkt. No. 9].

Once the Clerk of the Court enters default, all well-pled allegations in the complaint are assumed true. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). However, "a defendant's default does not in itself warrant . . . entering a default *judgment*." *Id.* (emphasis added.) Importantly, "despite occasional statements to the contrary, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Id.* Thus, the best reading of the case law is that default judgment may be awarded only if the facts alleged in the complaint, if assumed true, would establish liability as a matter of law. If those facts are not "well-pleaded," no liability attaches, despite the clerk's entry of default. *See id.* ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").

In this case, in order for default judgment to follow from entry of default, Plaintiffs must have adequately pled: (1) ownership of a valid copyright; and (2) the copying of "constituent elements of the work that [is] copyrightable." *Engineering Dynamics v. Structural Software*, 26 F.3d 1335, 1341 (5th Cir. 1994). Since Plaintiffs' complaint carefully alleges both of these elements, their Motion for Default Judgment is **GRANTED**. With respect to remedies, the Court awards the following:

1. Minimum statutory damages of $750.00, pursuant to 17 U.S.C. § 504(c),[1] for each of the five copyrighted works infringed by Defendant as listed in Exhibit A of the Complaint, totaling $3,750;

2. Costs of $840.00 pursuant to 17 U.S.C. § 505;[2] and

---

[1] Under 17 U.S.C. § 504(a), "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer . . . ; or (2) statutory damages, as provided by subsection (c)." Thus, authorities have interpreted the statute to mean that a Plaintiff need not present evidence of actual damages in order to recover statutory damages. *See* 4-14 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 14.04[A] (2007); *Columbia Pictures Indus. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) ("A plaintiff may elect statutory damages "regardless of the adequacy of the evidence offered as to his actual damages and the amount of the defendant's profits."); *Reader's Digest Asso. v. Conservative Digest, Inc.*, 642 F. Supp. 144, 147 (D.D.C. 1986) (Plaintiff was "entitled to the statutory damages" even though "[t]here [was] no indication that any actual injury has occurred."). Plaintiffs request only statutory minimum damages, rather than actual damages.

3. A permanent injunction enjoining Defendant from infringing Plaintiffs' rights under state or federal law with respect to any copyrighted sound recordings owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) now in existence or later created. The enjoined conduct includes, but is not limited to, using the internet or any online media distribution system to reproduce (*i.e.*, "download") or distribute (*i.e.*, "upload") any of Plaintiffs' copyrighted sound recordings. Defendant shall also destroy all copies of Plaintiffs' recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization, and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

IT IS SO ORDERED.

Done this 5th day of July, 2007, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

---

[2] Under 17 U.S.C. § 505, Plaintiffs may be awarded costs at the Court's discretion. Plaintiffs' costs are attested to in counsel's affidavit, [Dkt. No. 7 at 17].